No. 879

LYON v. BALTHIS et.

Ohio Appeals, 5th Dist., Licking Co.

Cushing, J., of the 1st Dist., sitting in place of Patterson, J.

F. E. Slabaugh, Newark, for Lyon.

Fitzgibbon, Montgomery & Black, Newark, for Balthis.

1012. REFORMATION OF INSTRUMENTS.—367. Deeds.—949. Presumptions.—191. Burden of Proof.—775. Mistake.
HOUCK, PJ.

1. Party desiring to reform description in deed which is clear and unambiguous on its face has burden of showing mistake by clear and convincing evidence.

2. Where deed is duly signed, witnessed, and acknowledged by vendor, law presumes that contents of deed were known to vendor, but presumption is rebuttable.

3. Grantee seeking to reform deed to conform to vendor's intention held to have burden of showing that vendor did not read deed, and of establishing every allegation necessary to obtain relief.

4. If conveyance represents gift as distinguished from sale, donor is entitled to reformation on account of his own mistake, regardless of whether mistake was shared by donee.

5. Where conveyance is not based on valuable or meritorious consideration, relief will not be given against donor while living, or against his heirs or devisees, because of failure of deed to express donor's probable intention.

6. Defendant acquiring deed conveying only part of vendor's property held not to have sustained burden of proof necessary to reform deed to include all of vendor's property claimed to have been omitted by mistake.

7. Defendant acquiring deed under voluntary conveyance by vendor has no greater right against heirs of vendor to reform deed for mistake than he would have against vendor if living.

(Shields, J., and Cushing, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

No. 880

REMIX v. SISLER

Ohio Appeals, 9th Dist., Summit Co.

C. G. Roetzel, Akron, for Remix.

Musser, Kimber & Huffman, Akron, for Sisler.

Judges of the Sixth District, sitting.

225. CHARGE OF COURT.—118. Automobiles.—1041. Reversals.—677. Judgments.
WILLIAMS, J.

1. Where defendant's automobile attempted to pass automobile ahead and struck front fender thereof and caused injury to guest in leading automobile, charge that, paved portion of road being fourteen feet wide, defendant, while passing car ahead on giving signal, was not required to travel on portion of dirt road along the pavement, held error.

2. Where there are one or more issues adn jury returns general verdict without special findings, and a finding on any one of issues for successful party entitles him to general verdict, and record discloses no error as to one issue, judgment will not be reversed for error as to other issues.

3. In suit by guest for personal injury growing out of an automobile collision, where there were issues as to defendant's negligence, proximate cause of injury and contributory negligence of plaintiff, and where the jury returned a general verdict for the defendant without special findings, error in charging that defendant in passing automobile ahead need not travel on the portion of the dirt road along the pavement, held not to require reversal.

(Richards, PJ., and Young, J., concur.)

For reference to full opinion, see Ominbus Index, last page, this issue.